OPINION of the Court, by
Judge Boyle.
— -This was an action of trespass assault and battery. At the rLl^es 111 the clerk’s office next after the filing of the declaration, the general issue of not guilty was pleaded on Part ^le ^efen^aatt (who is now appellant) and at l'le court following, the plea of son assault demesne was added, and issue being taken thereon, the cause was continued. When the cause was called for trial at the succeeding term, the defendant moved the court for leave to withdraw the plea of not guilty. “ It appear-\a„ to courr fas alleged by the bill of exceptions herein) that the said plea was put in on the rules by the clerk, without any direction from the defendant; ⅛ coulnsei t0 pUt ;n sa¡d p]ea but under a general ,. . r , 1 . r ‘ ’ P direction from the attormes of the court to put in the general issue, where an attorney was marked for the defendant.” This motion was opposed by the plaintiff in the action below and overruled by the court, to which opi-. nion of the court the defendant excepted. The propriety of this opinion, is the only question made by the errors assigned.
Whether the general direction to the clerk by the at-tornies of the court, to put in at the rules in the office the general issue where an attorney was marked for the defendant, gave to the clerk in this case an authority to file the plea of not guilty, need not be decided ; because by filing in court an additional plea, and continuing the cause without attempting to withdraw or disown in any shape the plea of not guilty, the defendant adopted it as his own, and ought not afterwards to be permitted to disclaim it.
Considering the plea then a legitimate one, put in by the proper authority of the defendant, the question occurs whether he had a right to withdraw it. To demonstrate the existence of such a right, it should be shewn that the exercise of it would be conducive to the ends of justice; but in what manner the withdrawal of the plea of not guilty would have conduced to the ends *413 ©f justice, it is difficult to conceive. The situation o£ the cause as it is stated was the most favorable to a com» píete investigation oi its merits.
The general issue imposed upon the defendant the burthen of proving his declaration, whilst the plea of son assault demesne authorised the defendant to avail himself of any proof he could produce in justification.
The only benefit that could have possibly resulted to the defendant from the withdrawal of the general issue, was the priviledge of opening and concluding the cause. But it should be recollected that there were two parties to the suit, and that if the priviledge of opening and concluding the cause was beneficial to the one, it was equally so to the other. The defendant having placed the cause in an attitude which gave this priviledge to the plaintiff, he ought not to be permitted to deprive the plaintiff of it, for the mere purpose of resuming it himself. Upon what ground does ¿he defendant claim the right to withdraw the general issue? Because the withdrawal of it would give him the priviledge of opening and concluding the cause. And upon what ground is it that the defendant objects to the withdrawal ? Because he has the priviledge of opening and concluding, of which the withdrawal would deprive him. The law acknowledging no preference or partiality for either of the parties, and their claim to the priviledge in question being equal, no satisfactory reason can be assigned why the situation of the cause should be changed for the mere purpose of depriving the one of it, and giving it to the other.
The court therefore can see no error in the opinion of the inferior court in overruling the defendant’s motion %o withdraw the plea of not gulty.
Judgment affirmed.