Judge Ewing
delivered the Opinion of the Court.
Emanuel and Barnett brought an action of trespass quare clausumfregit against Cocke-and Jones, alleging in their declaration, that the defendants entered their store house, and seized, took and carried away a large parcel of their goods — specifying the articles in general terms, and their value.
The case was tried, on issues formed, on the two following pleas: first, a- plea of justification by both defendants, that Cocke, as deputy sheriff, had two executions in his hands against Myers & Labatt, in favor of Newell & Campbell, and that the goods in the declaration mentioned, were the goods of Myers & Labatt, and Cocke entered the store house and levied upon and took said goods, and sold them in satisfaction of said executions — said Jones assisting in removing the goods by his command. And secondly, a plea filed by Cocke alone, as to the conversion and sale of the goods, that a jury was summoned to try the right of property, and the goods were found subject to said executions, and were sold in part satisfaction of the same.
And verdict having been found for the defendants, and judgment rendered thereon, after a motion fora new trial was overruled — the plaintiffs have brought the case to this .Court by writ of error.
It is first objected that the Circuit Court erred in permitting the defendants to withdraw the plea of not guilty, which had been filed and issue taken thereon, at a previous term, upon the affidavit of Cocke.
The Circuit Court must be left to the exercise of a sound discretion over the pleadings, and it is only where that discretion has been abused that this Court will interfere. It was upon this ground, and subject to this limi *213 tation, that the t.wo cases of Rochester vs. Dun, 1 Bibb, 412, and Robins vs. Treadway &c. 2 J. J. Marshall, 540, were decided.
An officer is bound the deft’s property the although it may be in the possession and ostensibly turns out to be the deft s, failed to levy on it, he is liable to the plaintiff in the execution, especially, if the property was shown to him, as subject to the execution. And, on the’ other hand, if an officer seizes and sells property which does not belong to the deft, he is liable to the true owner. But he may protect himself from any action, by having the right of property tried by a jury, under the act of 1S03; .and, for that purpose, may summon a jury of his own accord, without its being demanded by any of the parties.
In this case, we cannot say that the Court has abused its sound legal discretion. If Cocke’s affidavit be true, (and which must by this Court-be taken as true,) it ' . t . , , r , ... seems that, at the same term that the plea ol not guilty had been put in, another special plea had been filed, upon both of’ which issues had been taken, and that the parties had agreed to try the cause upon those issues. And at a subsequent term, in violation of that agreement, the plaintiffs had withdrawn their replication to the special flea, and thrown open the pleadings, and the issues were not made up, at the time when the .Court permitted the plea of not guilty to be withdrawn. And it appears, further from his affidavit, that his sole grounds of defence were those set out in his two special pleas, which were- afterwards filed.
The Court having permitted 'the plaintiffs to withdraw their replication, and throw open the pleadings, at least in part, contrary to the prior agreement of the parties, we would not undertake to- say that it abused a sound discretion, in permitting the defendants also to withdraw their other plea, and plead de novo to the whole action; and especially, when the only ground of defence was that which could not be reached under the plea which was withdrawn.
It is next objected that the Court erred in instructing the jury, “that the finding of the1' jury empannelled to inquire into the right of property, excused him (Cocke,) from the sale and disposal of the goods taken, although they may have been the property of the plaintiffs.”
. . rr- ■ We think the instruction was proper. -An omcer is bound, at his peril, to levy upon the property of defendants in an execution, wherever he may find it, though it be in the possession of a third person, and from that pos *214 session, “ostensibly and visibly” his property. If he fail to make the levy, and it should turn out to be the property of the defendants, (especially if it be shown to him as such,) he is liable to the plaintiffs, in the execution.
.The finding of a jury summoned to try the right of property, that it is subject to the ex’on, does not preclude the claimant of all remedy; he may still regain the property by replevin, or may bring his action against the plt’f in the ex on (if he participated in the levy) or against the purchaser.
A motion for a new trial is addressed to the sound discretion of the court; and where no injustice has been done by the verdict, a new trial may be refused, altho’ erroneous instructions were' given, or appropriate instructions were refiised.
Where a defendant in trespass pleads justification to the whole charge, and the . pit f takes issues on the plea, if the defendant proves enough to excuse the trespass, he is enti- , . sustain a plea justifying some supposed’ trestied to a verdict, altho’ the proof be not commensurate with the extent, quantity, or number, alleged in the dec'n. If the def t can pass, to which the dec’n may apply, and the pit f intends ,to go for a different or more extensive trespass, he must new assign. See the examples given “the text.
*214 If he should make the levy, and it should turn out to be the property of the third party, he is liable to him. The statute of 1803 was intended to provide a shield and protection to the officer, in the perilous attitude in which he is ¡slaced, at least from the consequences of the sale. Hence it has been determined, that he may summon the jury for his own security, though the parties may not demand one.
In thus affording indemnity to the officer, the third party is not left without remedy. He may sue out his writ of replevin and stop the sale, until a judicial trial can be had. Or he may sue the plaintiffs in the execution, if they were instrumental in the levy, or may sue the purchaser of the property.
After the jury have found the property subject to the execution, that finding is the sheriff’s indemnity, whether the property is or is not the property of the defendants, in the execution.
Another question is raised of more difficulty. In a swelling account, in the declaration, of the various articles of goods taken, it appears that many articles are charged to have been taken, that are not found among those articles in the possession of Cocke, that were found subject to the execution, and sold under it. And after the defendants had gone through their testimony, the counsel for the plaintiffs moved the Court to instruct the jury that they should find for the plaintiffs as to those articles, though no testimony was adduced of their value, or in fact, that any such were taken. The Court refused the instruction, and no exception being then taken to the opinion of the Court, on the motion for a new trial, this refusal of the Court was assigned as one ground.
If it were admitted that, in technical strictness, the instruction ought to have been given, as the point was r.ot saved by exception at the time, and as it is pretty *215 evident that the merits of the case have been fairly tried, it is not clear that a new trial ought to have been granted under the circumstances of the case. A motion for a new trial is always addressed to the sound discretion of the Court, and has sometimes been refused by this Court, when erroneous positive instructions have been given, upon technical points. Thomas & Wife vs. Tanner, 6 Monroe, 61. Much more should it be refused in such case, when such instructions have been merely withheld from the jur.
So here where the action was and carrying a-, way their goods; & deft pleaded that, the goods were the prop, erty of others against whom he, as sheriff, had ex’ons which he levied on those goods and under which he sold them; and pltfs took issue on the plea, & the plea was sustained by the proof, except as to some certain articles, specified7aníongroth- and aVto which there was no £e°°fownership" or taking — held that deft was entitled to a verdict, without regard to any abuse of authority, or excess in quantity or amount in the dec’n; and there was no error in refusing to instruct the jury that, as to the value of those articles, they must find for the plaintiffs.'
yBut we cannot admit that it was proper to give the instruction.
The first plea purported to be an answer to the whole declaration, and justifies the entry and taking. The plaintiff took issue upon the plea. In such case it is laid down that, if. the defendants show enough to excuse the trespass, it is sufficient, although the proof be not commensurate with the extent, quantity or number alleged and proved; but such excess, should be replied or new assigned. 2 Starkie on Evidente, 390, 3 Ib. 1464; 1 Saunders 346, e, note.
A new assignment is not only proper, to describe and fix the time and place with more precision and exactness, but to describe more fully, that which had been more generally and broadly alleged in the declaration, and was apparently answered in the plea. As when the plea covers apparently the whole trespass, but does not in fact cover some part of it, which the plaintiff intended to embrace in his declaration, the plaintiff must new assign, to explain. 1 Saunders, 299, note 6. And if he does not, he may be diverted from the object of his suit, and fail to recover, for that for which he sued. As if a Lord bring trespass quare clausum fregit, and the defendant justifies, under a prescription for commonable cattle, levant et couchant, and upon issue thereon, it turns out in proof, that some are, and some are not, levant et couchant, the defendant is entitled to' a verdict. 1 Saunders, 346, e, *216 note. So in an action quare clausum fregit, or in an action for taking goods, if the defendant justify, and the plaintiff traverses the entry, or taking, under the license or aut^oril7? anc^ justification be sustained as to the of part of the goods, or the entry and taking part, the defendant-will succeed. 1 Saunders, 300, b, c, d, notes. So if a man abuse an authority which the law gives him, by which he becomes a trespasser ab initio, and justify under the license, the plaintiff should reply the abuse, for if he take issue upon the justification, he will fail. Saunders, supra.
To obviate the difficulties into which the plaintiff may be involved in such or similar cases, it behooves him to reply the abuse, or admitting the justification as to part, new assign the excess, if he wishes to recover for the excess alone; if he wishes to recover for the whole trespass, he should traverse the justification, and new assign the exc.ess. Saunders, supra.
In the case before the Court, as the plaintiff had traversed the whole justification, without replying the abuse, or new assigning the excess, and as the proof justified the entry and levy upon Myers & Labatt’s goods, the defendant had a right to a verdict, without regard to any abuse of authority, or excess in number, quantity or amount charged in the declaration. 1 Saunders, 300,. note, supra.
Judgment of the Circuit Court affirmed, with costs..